UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA A. THOMAS | CIVIL ACTION |
| VERSUS | NO. 08-4977 |
| STATE OF LOUISIANA, DEPT. OF SOCIAL SERVICES | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER AND REASONS ON MOTION**

This is an employment action brought principally under Title VII in which plaintiff, Linda A. Thomas, sued her former employer, the Louisiana Department of Social Services ("the State"), in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. She asserted various claims, including age, racial, religious and sexual discrimination, hostile work environment, disparate treatment, reprisal and retaliation resulting in wrongful termination, state law false arrest and imprisonment. Record Doc. No. 1-1, Petition. The State removed the action to this court on the basis of federal question jurisdiction. Record Doc. No. 1, Notice of Removal.

This matter was referred to the undersigned Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 7. Thereafter, on defendant's motion with plaintiff's consent, proceedings in the case were stayed and the case was administratively closed to protect plaintiff's Fifth Amendment rights while her related criminal case was pending in the

32nd Judicial District Court for the Parish of Terrebonne ("32nd JDC").  Record Doc. Nos. 9 and 10.  The case remained stayed almost seven (7) months, until the stay was lifted and the case reopened upon counsel's advice that plaintiff's trial in the related criminal case had been concluded.  Record Doc. No. 16.

Defendant, the State of Louisiana, through its Department of Social Services, Office of Family Support, has now filed a motion for summary judgment, supported by various exhibits generated by the governmental agencies previously involved in addressing plaintiff's claims, including the EEOC (Exhibit A); the State Department of Social Services (Exhibits B, C, D, E); the 32nd JDC (Exhibits F, with referenced and attached documents from the Terrebonne Parish District Attorney's Office Department of Probation, and H, with the referenced and attached decisions of the State Board of Review and Department of Labor); the State Department of Civil Service with an attached records certification (Exhibit G); and the affidavit of Gail Denham, verifying the State's exhibits and attesting that plaintiff's employment termination was not discriminatory, but was based on her misconduct in falsifying and otherwise misusing State Department of Social Services financial assistance and procedures (Exhibit I). Record Doc. No. 21.

Based upon this evidence, the State's motion asserts five (5) arguments in favor of dismissal of plaintiff's case in this court: (1) plaintiff has no evidence sufficient to

establish a prima facie case of discrimination or retaliation; (2) plaintiff has no evidence sufficient to rebut defendant's legitimate non-discriminatory reasons for its actions; (3) plaintiff has no evidence sufficient to establish the essential elements of her other causes of action; (4) plaintiff's claims are barred by res judicata and/or collateral estoppel; and (5) La. Rev. Stat. § 42:1169 provides no private right of action.

After obtaining an extension of time to respond, Record Doc. No. 23, plaintiff filed a memorandum in opposition to defendant's motion for summary judgment. Record Doc. No. 24. She principally argues that she is innocent of the criminal charges upon which she was fired and that the various state administrative proceedings upholding her termination for the reasons asserted by defendant do not bar her present claims. The only pieces of evidence submitted with the opposition are three unsworn letters by plaintiff to state agencies (Exhibits A, B and C), a copy of the decision of the State Department of Labor administrative law judge (Exhibit D), and a cover letter to a lawyer for the State from the Louisiana Workforce Commission (Exhibit E).

Having considered the complaint, the record, the submissions of the parties and the applicable law, **IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**. For the following reasons, I find that it is unnecessary to address defendant's fourth and fifth arguments because plaintiff has offered no competent evidence sufficient to create a triable issue of fact as to claims on which she bears the

burden of proof at trial, so that summary judgment under the Celotex standard described below must be entered against her.

I.  ANALYSIS

   A.  Standard of Review for Summary Judgment Motions

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the action under governing law. An issue is 'genuine' if the evidence is sufficient for a rational trier of fact to return a verdict for the nonmoving party." Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial <u>must come forward with evidence</u> to support the essential

elements of its claim. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994) (citing Celotex, 477 U.S. at 321-23) (emphasis added). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998) (emphasis added); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the

nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

B.  Application of Summary Judgment Standard to this Record

The only competent evidence in connection with this motion are the uncontroverted affidavits and exhibits filed by defendant. In summary, that evidence establishes that plaintiff was employed as a social service analyst by the State Department of Social Services, a classified position subject to State civil service rules and regulations. Her duties included interviewing and determining eligibility of applicants for various forms of State financial assistance, including the power to issue debit cards to purchase food (formerly food stamps). An investigation by the State determined that plaintiff misused her position and violated State regulations by improperly activating and/or issuing food purchasing debit cards for her niece, nephew and live-in boyfriend and using the social security number of her daughter, a Texas resident, to create an application under a false name and issue a debit card for Louisiana food stamps. Defendant's evidence reflects that every state agency that has reviewed plaintiff's termination has upheld it as appropriate. In addition, the evidence reflects that plaintiff was tried and convicted criminally of misdemeanor theft and sentenced to six months in prison and restitution in the amount of $2,133.00 for acts arising from and

related to the same misconduct for which she was fired. Thus, among other things, the overwhelming and uncontroverted evidence submitted by defendant in support of its motion establishes that plaintiff was fired for legitimate, non-discriminatory, non-retaliatory reasons that rebut the unsubstantiated allegations as to all causes of action asserted by plaintiff in this lawsuit.

The only "evidence" submitted by plaintiff in opposition to the motion are her unsworn letters to state agencies containing nothing more than plaintiff's self-serving and uncorroborated allegations, conclusions and speculation. Plaintiff's submissions are wholly insufficient to defeat summary judgment in favor of defendant.

Plaintiff clearly bears the burden of proof as to <u>all</u> causes of action, both state and federal, asserted in her original petition. For example, "[f]or [plaintiff] to establish a <u>prima facie</u> case of retaliation [s]he must show (1) that [s]he engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. . . ." <u>Drake v. Nicholson</u>, No. 07-60855, 2009 WL 1043810, at *3 (5th Cir. Apr. 20, 2009) (citing <u>Holloway v. VA</u>, No. 08-20212, 2009 WL 270175, at *2 (5th Cir. Feb. 5, 2009); <u>LeMaire v. Louisiana</u>, 480 F.3d 383, 388 (5th Cir. 2007); <u>McCoy v. City of Shreveport</u>, 492 F.3d 551, 559 (5th Cir. 2007)). If, as here, defendant submits evidence sufficient to establish legitimate non-discriminatory reasons for its employment action, "the burden shifts back to [plaintiff].

Her ultimate burden is to show pretext; that is, to prove by a preponderance that [defendant] fired her not for its stated reasons, but in retaliation" for her own actions. Strong v. University Health Care Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007) (citing Septimus v. University of Houston, 399 F.3d 601, 607-08 (5th Cir. 2005) (quoting Septimus, 399 F.3d at 608)).

Similarly, plaintiff bears the burden of proof as to all of her Title VII discrimination claims, regardless of their specific characterization. As to such claims, plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). She can satisfy this burden with circumstantial evidence that (1) she was a member of a protected class, (2) she was qualified for the position, (3) her employment was terminated and (4) she was replaced by an individual of a different race, or that defendant treated similarly situated individuals of a different race more favorably than it treated her. Jackson v. Dallas County Juvenile Dep't, 288 Fed. Appx. 909, 2008 WL 2916375, at *2 (5th Cir. 2008) (citing McDonnell Douglas Corp., 411 U.S. at 802; Bryan v. McKinsey & Co., 375 F.3d 358, 360 (5th Cir. 2004)).

> If a prima facie case is present, a presumption of discrimination arises and the
>
> burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for [plaintiff's] termination. This causes the presumption of discrimination to dissipate. <u>The plaintiff then bears the ultimate burden of persuading the trier of fact by a preponderance of the</u>

> evidence that the employer intentionally discriminated against her because of her protected status.
>
> To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. The plaintiff must rebut each nondiscriminatory reason articulated by the employer. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action.

Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003) (emphasis added) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000)) (additional citations omitted).

And, of course, plaintiff also bears the burden of proof of every essential element as to her state law claims of false arrest and imprisonment. See Tabora v. City of Kenner, 650 So.2d 319, 322-24 (La. App. 5th Cir. 1995) (dismissal of plaintiff's Louisiana state law claims of false arrest and false imprisonment affirmed where plaintiff failed to prove essential elements of either claim).

The Celotex standard detailed above makes it clear that under these circumstances, plaintiff must come forward with competent evidence sufficient to support the essential elements of her claims and to demonstrate disputed material facts necessitating trial. She cannot rest on her pleadings, mere allegations, speculation and self-serving unsworn conclusions. In the absence of the presentation of competent evidence by plaintiff, especially in light of the overwhelming body of uncontroverted evidence supporting

defendant's position submitted with this motion, entry of summary judgment in defendant's favor is wholly appropriate.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant's motion for summary judgment is GRANTED, and that all of plaintiff's claims are DISMISSED WITH PREJUDICE, plaintiff to bear all costs of this proceedings. Judgment will be entered accordingly.

New Orleans, Louisiana, this \_\_\_26th\_\_\_ day of May, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE